**Agus Goetomo GOEIJ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70137.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted June 10, 2004.*

Decided June 15, 2004.

Daniel P. Hanlon, Hanlon & Greene, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Earle B. Wilson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM**

Agus Goetomo Goeij, a native and citizen of Indonesia, petitions for review of the summary affirmance by the Board of Immigration Appeals of the denial of his application for asylum. 8 U.S.C. § 1158(a). As this is a streamlined case, we review the decision of the immigration judge ("IJ"). 8 C.F.R. § 1003.1(a)(7). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support it. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court may reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." *Gomez–Saballos v. INS*, 79 F.3d 912, 914 (9th Cir.1997).

The IJ made no adverse finding regarding Goeij's credibility. Thus, we "assume that [Goeij's] factual contentions are true." *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000).

Being bullied as a child by native Indonesian children who stole his money, being involved in an altercation after a traffic accident in 1978, being told by police that they would not take a report after his car was vandalized, being aware of the May 1998 riot in Indonesia while residing in Cambodia, and having local officials charge

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

him more for documents than native Indonesians do not compel a finding that Goeij was persecuted on account of his race or religion. Experiences of discrimination, random street crime, and general lawlessness are insufficient to support a claim of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995); *see also Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) ("Mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum to everyone who wishes to improve his or her life by moving to the United States without an immigration visa.").

Even though Goeij fears future persecution, the record supports the IJ's conclusion that his fear is not objectively reasonable. There is no evidence of a particularized, individual basis for fearing that he personally would be targeted, and general country conditions cannot suffice to establish the reasonableness of an asylum-seeker's personal fear of future persecution. *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). A reasonable factfinder would not be compelled to find that Goeij had a well-founded fear of future persecution.

**PETITION DENIED.**